

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES RUBIN BLAND<br>　　LA. DOC. #99643<br>VS.<br><br>WARDEN TIM WILKINSON | CIVIL ACTION NO. 08-1625<br><br>SECTION P<br>JUDGE DRELL<br>MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

James Rubin Bland is an inmate in the custody of Louisiana's Department of Corrections (LDOC); he is incarcerated at the Winn Corrections Center where he is serving the 25 year sentence imposed on August 29, 2003 following his June 24, 2003 manslaughter conviction in the Eleventh Judicial District Court, Sabine Parish, Louisiana.

On October 28, 2008, petitioner, proceeding *pro se*, filed a hand-written document entitled "Petition in Notice of Appeals Under the Federal 2254 from the Supreme Court of Louisiana Docket No. 2007-KH-2479." In this pleading petitioner advised of his intention to seek review of a Louisiana Supreme Court judgment and requested a return date. [rec. doc. 1] The Supreme Court judgment in question denied a writ application that had previously been litigated in the Eighth Judicial District Court, Winn Parish, and thereafter in the Second Circuit Court of Appeals. See <u>State ex rel. Bland v. State,</u> 2007-2479 (La. 9/26/2008), 992 So.2d 978. Since the pleading referenced litigation which originated in Winn Parish, the action was

assigned to the Alexandria Division of the Court.

Since the *pro se* pleading did not conform to the requirements of Local Rule 3.2W of this Court, which requires *pro se* litigants to submit *habeas corpus* petitions on forms supplied by the Court, and since petitioner neglected to pay the filing fee, these deficiencies were noted and petitioner was directed to amend his complaint to comply with the Rule and to either pay the filing fee or apply for *in forma pauperis* status. [rec. doc. 2]

On November 14 and 17, 2008 petitioner requested and was granted a 30-day extension within which to comply with the deficiency order. [rec. docs. 3-4]

On December 5, 2008 petitioner filed 263 pages of documents related to his criminal conviction in Sabine Parish and the post-conviction proceedings he litigated in Winn Parish and elsewhere. Petitioner did not provide an index or table of contents identifying the various exhibits; nor did he comply with the previous deficiency order by filing a petition on the form approved by this Court for prisoners seeking relief pursuant to 28 U.S.C. §2254. Instead, he submitted a 43 page typed brief arguing 10 "Issues for Consideration," paraphrased as follows: (1) Whether the Eighth Judicial District Court, Winn Parish, had jurisdiction to consider petitioner's post-conviction claims of coerced guilty plea and attorney conflict of interest with regard to the petitioner's conviction in the Eleventh Judicial District

Court, Sabine Parish; (2) Whether petitioner's federal constitutional claims are procedurally defaulted in light of the Supreme Court's reliance on La. C.Cr.P. art. 930.8 to dismiss his writ application; (3) Whether petitioner has demonstrated cause and prejudice for his defaults; (4) Whether petitioner has demonstrated that the Court's failure to consider the merits of his claims will result in a miscarriage of justice; (5) whether a Louisiana court's reliance on La. C.Cr.P. art. 930.8 provides a valid procedural bar; (6) whether petitioner's federal claims entitle him to a "certificate of appealability and Habeas Corpus relief;" (7) ineffective assistance of counsel – conflict of interest; (8) conflict of interest and ineffective assistance of counsel ; (9) defective bill of information; and, (10)involuntary, coerced, and induced guilty plea. [rec. doc. 5, pp. 19-22]. On the same date he filed a Motion to proceed *in forma pauperis*. [rec. doc. 7]

On February 11, 2009, the undersigned completed an initial review of the pleadings and exhibits and ordered petitioner to file an amended petition on the appropriate form and to provide various court documents. [red. doc. 8][1]

---

[1] Petitioner was directed to "..amend his *habeas corpus* petition by submitting the petition on the form supplied by the Clerk of Court within thirty (30) days of this order. **PETITIONER IS DIRECTED TO PROVIDE ALL OF THE INFORMATION REQUESTED IN THE FORM PETITION**.

In addition to the petition, petitioner should provide:

1. The minutes of court – plea (June 24, 2003) and sentencing (August 29,

3

On March 9, 2009 petitioner requested an extension of time to comply with the memorandum order. [rec. doc. 9] While his motion was pending, petitioner filed an Amended Petition on March 10, 2009 [rec. doc. 10] and a Supplemental Brief on March 19, 2009. [rec. doc. 11] In light of those filings, petitioner's motion for an extension of time was dismissed as moot on April 17, 2009. [rec. doc. 12]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the

---

2003);

2. Copies of the plea and sentencing transcripts;

3. A copy of any plea-agreement executed by petitioner, his attorney, and the District Attorney;

4. A copy of the Third Circuit Court of Appeals unpublished opinion on direct appeal under Docket Number KA 03-10469;

5. **DATED** copies of **ALL** post-conviction pleadings filed in the Eighth Judicial District Court and the Eleventh Judicial District Court; and copies of the Judgments/Orders/Reasons for Judgment of the Eighth and Eleventh Judicial District Courts either granting or denying relief;

6. **DATED** copies of **ALL** post-conviction pleadings filed in the Second Circuit Court of Appeals, Third Circuit Court of Appeals, and the Louisiana Supreme Court; and copies of the Judgments/Orders/Opinions of the Second Circuit Court of Appeals, Third Circuit Court of Appeals, and the Louisiana Supreme Court; and,

7. Transcripts of **ALL** post-conviction hearings convened in this case and especially the hearing convened on September 21, 2005, January 26, 2006, and February 24, 2006 along with a copy of the trial court's Judgment/Order/Reasons for Judgment denying petitioner's motion for reconsideration of sentence;

8. Petitioner should sequentially number all documents and submit said documents in chronological order; he shall also provide an Index or Table of Contents identifying each document submitted and providing the page number where the document may be located. [rec. doc. 8]

following reasons it is recommended that Claims 7-10 of the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d) and that Claims 1-6 of the petition be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### *Statement of the Case*

On or about September 26, 2002 the Sabine Parish Grand Jury indicted petitioner on a charge of second degree murder. [rec. doc. 5-4, pp. 26-27]

On June 24, 2003 petitioner pled guilty to manslaughter in accordance with a plea agreement which provided a sentencing cap of 30-years. [rec. doc. 5-4, pp. 51-57] On August 29, 2003 a sentencing hearing was convened. At its conclusion petitioner was sentenced to serve 25 years at hard labor. [rec. doc. 5-4, pp. 58-63]

On or about September 5, 2003[2], petitioner filed a motion to reconsider sentence claiming excessiveness and alleging "... the defendant has a history of significant health problems, substance abuse and social dysfunction, and is in need of treatment rather than long term incarceration." The motion was denied on some unspecified date in September, 2003. [rec. doc. 5-4, pp. 64-66]

Petitioner appealed to the Third Circuit Court of Appeals

---

[2] The motion is dated August 5, 2003; the order denying the motion is dated September, 2003. Since sentencing occurred on August 29, 2003, it is assumed that the date on the motion is erroneous.

5

raising a single claim - excessiveness of sentence. [rec. doc. 5-4, pp. 85-105] His sentence was affirmed in an unpublished opinion of the Third Circuit Court of Appeals on March 3, 2004. State of Louisiana v. James Rubin Bland, Sr., 2003-01469 (La. App. 3 Cir. 3/3/04), 868 So.2d 995 (Table). Petitioner did not seek further direct review in the Louisiana Supreme Court. [see rec. doc. 10, ¶6(c)]

On July 19, 2005, petitioner through retained counsel, Mr. Andrew S. Vallien, filed a Motion for Reconsideration of Sentence and in the Alternative Withdrawal of Guilty Plea in the Eleventh Judicial District Court. Therein he alleged that he "... was advised by his attorney that he would be sentenced on said charge to no more than ten (10) years..." and that, "... the defendant would not have entered the plea of guilty had he known that he was to be sentenced to twenty-five (25) years..." [rec. doc. 5-4, pp. 108 and 106] Hearings were convened on January 26, 2006 [rec. doc. 5-4, pp. 2-20] and February 24, 2006. On March 6, 2006 the motion was denied by the trial judge. [rec. doc. 5-4, p. 111][3] Petitioner did not seek further review of this judgment in the Third Circuit Court of Appeals or the Louisiana Supreme Court. [see rec. doc. 10, ¶7; see also rec. doc. 10, p. 14, "Mr. Vallien [the attorney retained by petitioner to litigate his Motion]

---

[3] Petitioner provided a copy of the transcript of the hearing on January 26, 2006 but did not provide a copy of the transcript of the subsequent proceedings convened on February 24, 2006.

abandon [sic] petitioner after taking my people's money, he never appealed what little he did do." rec. doc. 10, p. 35, "The retained counsel, Mr. Andrew S. Vilian [sic] neglected to raise and pursue petitioner's non-frivolous claims of conflict free effective assistance of counsel, nor did he appeal the court's ruling."]

On April 23, 2007 petitioner, who was by that time incarcerated at the Winn Corrections Center, Winnfield, Louisiana, filed an application for writ of *habeas corpus* in the Eighth Judicial District Court, Winn Parish. He raised claims of ineffective assistance of counsel, conflict of interest, defective indictment and involuntary coerced guilty plea. [rec. doc. 10, ¶7] The petition was denied on May 1, 2007. [rec. doc. 5-4, pp. 24-25; rec. doc. 5, p. 3]

On May 22, 2007 petitioner filed a Notice of Appeal in the Eighth Judicial District Court. [rec. doc. 5, p. 4] On June 13, 2007, the Eighth Judicial District Court construed the Notice as a Notice of Intent to Apply for Writs and set a return date 30 days following June 12. [rec. doc. 5, p. 1]

On some unspecified date petitioner filed his writ application in the Second Circuit Court of Appeals alleging, "This petition is before the Honorable Court seeking issuances of supervisory and/or remedial writs of review of the court below denial of habeas corpus relief relative to a clearly coerce entry

of a plea of guilty for manslaughter ... and clearly conflict advice of unfamiliars court appointed trial counsel(s) Mr. Brian McCrae, and misleading understanding that the would receive a sentence of seven (7) years, and no more than ten (10) years." [rec. doc. 5, pp. 49-54] The writ application was assigned Court of Appeals' Docket Number KH-07-42759. [rec. doc. 5, p. 49] The writ application was apparently denied by the Second Circuit,[4] and on July 27, 2007 he filed a motion for rehearing.[rec. doc. 5-4, pp. 21-23] His motion for rehearing was denied on October 5, 2007. [rec. doc. 5-3, p. 19]

On November 29, 2007 petitioner filed an application for writs in the Louisiana Supreme Court raising four claims for relief, summarized as follows: (1) ineffective assistance of counsel; (2) counsel, who also represented co-defendants, had a conflict of interest and misled petitioner with respect to the sentencing consequences of the plea; (3) defective bill of information; and, (4) coerced plea. [rec. doc. 5-3, pp. 18-41] Petitioner's writ application was denied by the Louisiana Supreme Court on September 26, 2008 with the following notation, "Denied. La. C.Cr.P. art. 930.8; State ex rel Glover v. State, 9302330 (La. 9/5/95), 660 So.2d 1189; La. C.Cr.P. art. 351." State of Louisiana ex rel. James R. Bland, Sr. v. State of Louisiana, 2007-2479 (La. 9/26/2008), 992 So.2d 978.

---

[4] Petitioner did not provide a copy of the Second Circuit's Judgment.

8

Petitioner filed his original pleading in this court on October 28, 2008. On March 10, 2009 he amended his pleading to comply with court rules and court orders. Petitioner argues the following claims for relief: (1) the Eighth Judicial District Court, Winn Parish, had jurisdiction over petitioner's post-conviction petition for habeas corpus and the refusal of that court and the Second Circuit Court of Appeals to review petitioner's claims amounted to a miscarriage of justice; (2) the Louisiana Supreme Court's reliance on procedural bars was a miscarriage of justice; (3) petitioner has demonstrated cause and prejudice for his defaults; (4) this Court's failure to consider the merits of his claim will result in a miscarriage of justice; (5) whether La. C.Cr.P. art. 930.8 provides a valid procedural bar; (6) whether petitioner's federal claims entitle him to a Certificate of Appealability and Habeas Corpus relief; (7) ineffective assistance of counsel - failure to file pre-trial or post-trial motions; (8) ineffective assistance of counsel - conflict of interest; (9) defective bill of indictment; and, (10) involuntary coerced and induced guilty plea. [rec. doc. 10]

### Law and Analysis

### 1. Claims 7-10 and Timeliness under § 2244(d)(1)(A)

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA,

including the timeliness provisions. <u>Villegas v. Johnson</u>, 184 F.3d 467, 468 (5th Cir. 8/9/1999); <u>In Re Smith</u>, 142 F.3d 832, 834, citing <u>Lindh v. Murphy</u>, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[5]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. <u>Ott v. Johnson</u>, 192 F.3d 510, 512 (5th Cir. 1999); <u>Fields v. Johnson</u>, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. <u>Villegas</u>, 184 F.3d 467, citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may

---

[5] Petitioner relies upon the reckoning period codified at 28 U.S.C. §2244(d)(1)(D), and suggests that his AEDPA limitations period should be reckoned from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." A discussion of that contention follows.

raise the one-year time limitation *sua sponte*. <u>Kiser v. Johnson</u>, 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his sentence. The Second Circuit Court of Appeals affirmed his sentence on March 3, 2004. <u>State of Louisiana v. James Rubin Bland, Sr.</u>, 2003-01469 (La. App. 3 Cir. 3/3/2004), 868 So.2d 995 (Table). Under Louisiana Supreme Court Rule X, §5, petitioner had a period of thirty days following the mailing of the Court of Appeals' opinion within which to file his petition for *certiorari*.[6] Petitioner's judgment of conviction and sentence "became final by ... the <u>expiration of the time for seeking [further direct] review</u>" [28 U.S.C. § 2244(d)(1)(A)], 30 days following the Third Circuit's judgment, or on or about April 3, 2004 when the delays for seeking direct review in the Louisiana Supreme Court lapsed. Petitioner had one year from that date, or until April 3, 2005 within which to file his federal petition.

Petitioner cannot rely upon the tolling provisions of §2244(d)(2) because he did not file his first post-conviction attack until July 19, 2005 when he filed his Motion to Reconsider and Withdraw Guilty Plea [see rec. doc. 5-4, pp. 106-111] and by that time more than one-year had elapsed from the date his

---

[6] Supreme Court Rule X, §5(a) provides in part, "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing..."

11

conviction became final. As stated above, the lapse of time before the proper filing of the application for post-conviction relief must be counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998).

In other words, petitioner's *habeas*, is clearly time-barred if the limitations period is reckoned as provided by 28 U.S.C. §2244(d)(1)(A).

### 2. *Claims 7-10 and Timeliness under § 2244(d)(1)(D)*

However, petitioner implies that the timeliness of his *habeas* petition should be reckoned in accordance with 28 U.S.C. §2244(d)(1)(D) which provides that the one-year limitations period may be reckoned from "...the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence..."

In other words, petitioner implies that his post-guilty-plea discovery of his trial attorney's alleged conflict of interest should trigger the statutory tolling provision of §2244(d)(1)(D).

Unfortunately, petitioner does not allege when he discovered this evidence. Nevertheless, he implies that his appellate counsel was, or should have been aware of this conflict at the time she filed the appeal on petitioner's behalf. [see rec. doc. 10, p. 43, "Ms. Watters raised only the issue of excessive sentence, neglecting to ... bring petitioner's issue of conflict

free effective assistance of counsel claims on direct review..."]

Thus, insofar as petitioner seeks to rely on §2244(d)(1)(D), the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence, he concedes that his attorney had knowledge of the operative facts at the time of his appeal. In order to be eligible for tolling under §2244(d)(1)(D), petitioner may not rely simply on the date that the newly discovered facts became known to <u>him</u>; he must show when these facts <u>could have become known to him through the exercise of due diligence</u>. The facts he relies upon to argue conflict of interest were not concealed; counsel's representation of petitioner's son and wife was part of the public record at the time both individuals entered their pleas on March 4, 2003. [see rec. doc. 5-4, pp. 43-50 and 74-76]

In the context of the AEDPA, the terms "due diligence" have been clearly defined. In <u>Johnson v. Dretke</u>, 442 F.3d 901, 908 (5th Cir. 2006), the court made the following observation about the term as it is used in the context of second and successive *habeas* petitions, "... due diligence is measured against an <u>objective</u> standard, as opposed to the subjective diligence of the particular petitioner of record. The burden to make such a showing, of course, remains the petitioner's. [citations omitted; emphasis supplied]" To paraphrase the court, the plain language of the statute requires that we determine not whether petitioner

13

has shown that the subject evidence could not have been discovered previously through petitioner's exercise of due diligence but instead whether the subject evidence could have been discovered previously through the exercise of due diligence. *Id.*

There can be no question but that the facts supporting petitioner's conflict of interest claim were wholly <u>available</u> to petitioner, and <u>could</u> have been discovered with the exercise of due diligence long before the otherwise unspecified date petitioner claims to have discovered it. Compare <u>Balagula v. United States</u>, 73 F. Supp.2d 287 (E.D.N.Y. 1999).

Further, to the extent that petitioner might rely upon the belated discovery of these reports to extend the § 2244(d)(1) limitations period, his reliance is misplaced. Petitioner confuses his <u>knowledge</u> of the <u>factual predicate</u> of his claim with the time permitted for gathering the <u>evidence to support his claim</u>. The factual predicates of his claims for relief are essentially: (1) a claim that his plea was coerced and not voluntary; (2) a defective bill of indictment; and (3) claims of ineffective assistance of counsel. The FACTS supporting all of these claims were known to petitioner at the time of his plea or shortly thereafter. The implication that the one-year period of limitations did not begin to run until some unspecified date is without merit because §2244(d)(1)(D) does not convey a statutory

right to an extended delay while a *habeas* petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim. Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir.1998).

In short, petitioner's *habeas corpus* claims are time-barred regardless of the reckoning period used and dismissal of the petition on that basis is recommended.

### 3. *Equitable Tolling*

The one-year statute of limitations established by the AEDPA can be equitably tolled, but only in rare and exceptional circumstances. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). As the Supreme Court recently stated, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). The petitioner has the burden of establishing that he is entitled to equitable tolling. See

Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Petitioner was not diligent in pursuing his rights; nor can he point to any extraordinary circumstance which prevented him from timely filing his claims.

Finally, petitioner's claim of actual innocence is insufficient to warrant either statutory or equitable tolling of the AEDPA's limitation period. The one-year limitations period established by 28 U.S.C. § 2244(d) contains no exemption for a petitioner claiming actual innocence of the crimes for which they have been convicted. Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002), *cert. denied*, 539 U.S. 918, 123 S.Ct. 2277, 156 L.Ed.2d 136 (2003). Further, a claim of actual innocence does not constitute a "rare and exceptional circumstance" so as to justify the application of equitable tolling to overcome the time bar of § 2244(d). Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000).

Petitioner pled guilty; he gave a statement under oath at the time of his plea which provided factual support for the plea. His petition does not establish innocence and therefore he is not entitled to equitable tolling.

## 4. *Claims 1-6 - Failure to State a Claim for Which Relief May be Granted*

Petitioner claims that the Eighth Judicial District Court and the Second Circuit Court of Appeals erroneously denied his

post-conviction *habeas corpus* petition; and, that the Louisiana Supreme Court erred in relying on the time-bar of La. C.Cr.P. art. 930.8 in denying relief. Petitioner thus implies that he is entitled to federal *habeas corpus* relief because of errors committed by the Eighth Judicial District Court, the Second Circuit Court of Appeals and the Louisiana Supreme Court with regard to their resolution of his ill-fated post-conviction *habeas corpus* petition.

A state prisoner's "... attack on the state *habeas* proceeding is an attack on a proceeding collateral to the detention and not the detention itself." Rudd v. Johnson, 256 F.3d 317, 310 (5th Cir.2001); see also Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir.1995). The state prisoner's challenge to a state's *habeas corpus* proceedings is not a proper ground for relief in a federal *habeas corpus* case. Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir.1997) ("[i]nsofar as [the petitioner] raises a due process challenge to the state *habeas* proceeding, his claim fails because infirmities in state *habeas corpus* proceedings do not constitute grounds for relief in federal court."); see also Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir.1999) (alleged errors in state court habeas proceeding do not provide a basis for federal *habeas* relief); Millard v. Lynaugh, 810 F.2d 1403, 1410 (5th Cir.1987) (a state has no constitutional duty to provide post-conviction remedies, therefore, state court

decision to curtail an inmate from filing future state writs because he had abused the writ process was not a denial of due process).

Petitioner also claims that he is entitled to relief because he has shown "cause and prejudice" for his defaults and further, that he has shown that a "miscarriage of justice" will occur if the merits of his claims are not addressed. These claims are incomprehensible. Dismissal of petitioner's *habeas* claims has been recommended on the basis of a time-bar and not a procedural default. Further, to the extent that petitioner implies that he is actually innocent of the crime of conviction, that claim has been addressed above and found deficient.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that Claims 7, 8, 9 and 10 of this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d); and that Claims 1, 2, 3, 4, 5 and 6 of this petition should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner has failed to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A

party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana, June 10, 2009.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE